1  ROBERT E. OPERA - State Bar No. 101182
   ropera@winthropcouchot.com
2  JEANNIE KIM - State Bar No. 270713
   jkim@winthropcouchot.com
3  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
4  660 Newport Center Drive, Fourth Floor
   Newport Beach, CA 92660
5  Telephone: (949) 720-4100
   Facsimile: (949) 720-4111
6
7  General Insolvency Counsel
   For Debtor and Debtor-in-Possession

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                    **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | In re:                              | Case No. 12-16423 MM11
13 |                                     |
14 | IMAGENETIX, INC., a Nevada          | Chapter 11 Proceeding
   |     corporation,                    |
15 |                                     | **STIPULATION TO CONTINUE HEARING**
   |         Debtor and                  | **ON CONFIRMATION OF DEBTOR'S**
16 |         Debtor-in-Possession.       | **SECOND AMENDED CHAPTER 11 PLAN OF**
   |                                     | **REORGANIZATION**
17 |                                     |
18 |                                     | CURRENT HEARING DATE:
   |                                     | DATE:      July 21, 2014
19 |                                     | TIME:      3:00 p.m.
   |                                     | PLACE:     Department 1
20 |                                     |
   |                                     | PROPOSED HEARING DATE:
21 |                                     | DATE:      August 21, 2014
   |                                     | TIME:      3:00 p.m.
22 |                                     | PLACE:     Department 1

23

24

25

26

27

28

---

1    This Stipulation to Stipulation to Continue Hearing on Confirmation of Debtor's Second
2    Amended Chapter 11 Plan of Reorganization ("Stipulation") is entered into by and between
3    Imagenetix, Inc., a Nevada corporation and the debtor and debtor-in-possession in the above-
4    captioned case ("Debtor"), on one hand, and TriPharma, LLC ("TriPharma"), on the other hand,
5    and is made with reference to the following recitals (the Debtor and TriPharma may be referred to
6    herein, collectively, as the "Parties").

## **RECITALS**

8    A.    On December 17, 2012, the Debtor filed a voluntary petition for relief under
9    Chapter 11 of the Bankruptcy Code. The Debtor is managing and operating its business as a
10   debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

11   B.    On or about October 10, 2013, the Court granted the Debtor's Motion to Approve
12   Compromise of Controversy to approve that certain Settlement and Release Agreement
13   ("TriPharma Settlement") entered into by and among the Debtor and William Spencer, on one
14   hand, and TriPharma and Evan Dameshek, on the other hand [Docket no. 271]. The TriPharma
15   Settlement resolved all of the claims that the Parties asserted against each other and provided,
16   among other things, that its terms would be effectuated through a Chapter 11 Plan of
17   Reorganization in this case ("Plan"), which Plan TriPharma pledged to support and also to vote to
18   accept.

19   C.    On or about May 22, 2014, the Court entered an order approving the Debtor's
20   Second Amended Disclosure Statement Accompanying Debtor's Second Amended Chapter 11
21   Plan of Reorganization [Docket no. 360], and set for hearing confirmation of the Debtor's Second
22   Amended Chapter 11 Plan of Reorganization [Docket no. 362] ("Second Amended Plan"). The
23   hearing on Second Amended Plan is currently set for July 21, 2014, at 3 p.m.

24   D.    The Debtor desires to confirm a fully consensual Plan in this case. In this regard,
25   the Debtor entered into that certain Settlement Agreement with Pacific Rainbow, Inc. ("PRI
26   Agreement"), subject to Court approval. By the PRI Agreement, the Debtor and PRI seek to
27   resolve all the claims that they assert against each other. Furthermore, on or about June 20, 2014,
28   the Debtor filed its Emergency Motion for Order Approving: (1) the Compromise of Controversy

1   with Pacific Rainbow, Inc.; (2) Sale of Debtor's Interests in Certain Intellectual Property; and (3)
2   Assumption and Assignment of Debtor's Agreements with Proprietary Nutritionals, Inc. [Docket
3   no. 384] ("PRI Motion").  The hearing on the PRI Motion is currently set for July 21, 2014, which
4   is the same date and time as the hearing on confirmation of the Second Amended Plan.
5         E.    TriPharma has concerns regarding the PRI Agreement. In this regard, on July 14
6   and July 16, 2014, TriPharma's principal, Evan Dameshek, met with representatives of the Debtor
7   to discuss a possible settlement of the differences between the Debtor and TriPharma.  The Debtor
8   and TriPharma have agreed to continue the hearing on confirmation of the Second Amended Plan
9   in order to have time sufficient to try to resolve their differences with respect to the PRI
10  Agreement.

## STIPULATION

12        **NOW THEREFORE**, the Parties, by and through their counsel of record, stipulate and
13  agree as follows:
14        1.    TriPharma will agree to extend, through and including August 29, 2014 ("Effective
15  Date Extension"), the deadline stated in the Settlement and Release Agreement ("TriPharma
16  Agreement") for the occurrence of the Effective Date of the Debtor's Second Amended Plan.
17  TriPharma's agreement in this regard is based on the following:
18        a.    The Debtor shall pay to TriPharma $20,000 as "liquidated damages" on
19      account of the Effective Date Extension;
20        b.    The Debtor shall wire the $20,000 sum to TriPharma's bank account not
21      later than the close of business on July 23, 2014; and
22        c.    The Debtor shall obtain approval from the Bankruptcy Court, if any is
23      required, for the payment of the liquidated damages described in paragraph 1(a) above as
24      soon as possible, and at the sole cost of the Debtor and its estate.
25        2.    The hearing on the confirmation of the Second Amended Plan will be conducted on
26  August 21, 2014, at 3:00 p.m., or the first date thereafter available on the Court's calendar
27  ("Continued Plan Confirmation Hearing").  The following will be the briefing schedule for the
28  plan confirmation proceedings:

1	a.	Any opposition of TriPharma or PRI to the confirmation of the Second Amended Plan must be filed not less than fourteen (14) days prior to the Continued Plan Confirmation Hearing.

	b.	Any replies or further briefing in support of plan confirmation must be filed by the Debtor not less than seven (7) days prior to the Continued Plan Confirmation Hearing.

3.	The hearing on the PRI Motion also shall be continued to the same date and time as the Continued Plan Confirmation Hearing and shall abide by the same briefing schedule set forth in paragraph 2 above.

4.	No further notice or hearing shall be necessary to effectuate the foregoing.

DATED: July 17, 2014

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**


By: /s/ Jeannie Kim
 Robert E. Opera
 Jeannie Kim
 General Insolvency Counsel to Debtor and
 Debtor-in-Possession


DATED: July 17, 2014

**HINDS & SHANKMAN, LLP**


By: [signature]
 James Andrew Hinds
 Attorneys for TriPharma, LLC

**No Objections to the Foregoing:**

DATED: July ___, 2014

**WINTERS LAW FIRM**


By: _____
 Dennis Winters
 Attorneys for Pacific Rainbow International, Inc.

-4-

STIPULATION TO CONTINUE HEARING ON CONFIRMATION OF DEBTOR'S
SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

a. Any opposition of TriPharma or PRI to the confirmation of the Second Amended Plan must be filed not less than fourteen (14) days prior to the Continued Plan Confirmation Hearing.

b. Any replies or further briefing in support of plan confirmation must be filed by the Debtor not less than seven (7) days prior to the Continued Plan Confirmation Hearing.

3. The hearing on the PRI Motion also shall be continued to the same date and time as the Continued Plan Confirmation Hearing and shall abide by the same briefing schedule set forth in paragraph 2 above.

4. No further notice or hearing shall be necessary to effectuate the foregoing.

DATED: July 17, 2014

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**


By: /s/ Jeannie Kim
Robert E. Opera
Jeannie Kim
General Insolvency Counsel to Debtor and
Debtor-in-Possession


DATED: July ___, 2014

**HINDS & SHANKMAN, LLP**


By:_____
James Andrew Hinds
Attorneys for TriPharma, LLC

**No Objections to the Foregoing:**

DATED: July 17, 2014

**WINTERS LAW FIRM**

By:_____
Dennis Winters
Attorneys for Pacific Rainbow International, Inc.

-4-

STIPULATION TO CONTINUE HEARING ON CONFIRMATION OF DEBTOR'S
SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**CERTIFICATE OF SERVICE**

I, Viann Corbin, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; and my business address is 660 Newport Center Drive, Fourth Floor, Newport Beach, California 92660, in said County and State.

On July 18, 2014, I served: **STIPULATION TO CONTINUE HEARING ON CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** on the interested parties as follows and by the following means of service:

☒ On July 18, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

☐ **BY FACSIMILE**: On the above-mentioned date, from Newport Beach, California, I caused each such document to be transmitted by facsimile machine to the parties and numbers indicated above. To the best of my knowledge, the transmission was reported as complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office.

☒ **BY ELECTRONIC MAIL**: From Newport Beach, California, I caused each such document to be transmitted electronically to the parties at the e-mail address indicated above. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed. A return receipt was requested at the time of the transmission of each such document and I did not receive a notice of failure of receipt of each such document.

Debtor: Lowell Giffhorn: lowellgiffhorn@aim.com
James Hinds: jhinds@jhindslaw.com

☒ I am employed in the office of Winthrop Couchot Professional Corporation. Jeannie Kim is a member of the bar of this Court.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2014 at Newport Beach, California.

/s/ *Viann Corbin*
Viann Corbin

-5-

**STIPULATION TO CONTINUE HEARING ON CONFIRMATION OF DEBTOR'S
SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

NEF SERVICE LIST

- Bernard D. Bollinger     bbollinger@buchalter.com, smartin@buchalter.com
- Matthew Bouslog     mbouslog@gibsondunn.com, pcrawford@gibsondunn.com
- John W. Cutchin     jcutchin@san.rr.com
- Heather U. Guerena     huguerena@duanemorris.com, cdarmijo@duanemorris.com;rchurch@duanemorris.com;johta@duanemorris.com;kzakarin@duanemorris.com
- Garrick A. Hollander     ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Jeannie Kim     jkim@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Kristin Mihelic     Kristin.T.Mihelic@usdoj.gov, Tiffany.L.Carroll@usdoj.gov;ustp.region15@usdoj.gov
- Walter Moore     WMoore@WaltonLawPC.com, CInclan@waltonlawpc.com
- Sarah D. Moyed     moyeds@sec.gov
- Robert E. Opera     ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- Dheeraj Singhal     dksinghal@dcdmlawgroup.com
- United States Trustee     ustp.region15@usdoj.gov
- Dennis Winters     winterslawfirm@cs.com – PARTY TO STIPULATION